## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAST BRUNSWICK TOWNSHIP BOARD OF EDUCATION, | *Civil Action* |
| Plaintiff, | Docket No.: |
| v. | |
| D.S. and M.S. o/b/o A.S., | **COMPLAINT** |
| Defendants. | |

Plaintiff, East Brunswick Township Board of Education, by way of Complaint against Defendants, alleges as follows:

## I. PARTIES

1.      Plaintiff is East Brunswick Board of Education ("District" or "Plaintiff"), having offices at 760 Route 18, Suite 108, East Brunswick, New Jersey

2.      Defendants are D.S. and M.S., appearing in their individual capacity, and on behalf of their minor child, A.S. (collectively referred to as "Parents" or "Defendants").

3.      A.S. is a student enrolled within the District, which is located in East Brunswick Township, New Jersey.

4.      At all times relevant to the due process matter described herein, Parents and A.S. resided within the boundaries of the District.

## II.  JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction under 28 U.S.C §1331, and a specific grant of jurisdiction under § 615(a) of the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. §1415(i)(2).

2.       Venue properly lies in the District Court for the District of New Jersey under 28 U.S.C. §1391, as the parties reside within, and the causes of action arose within this District.

3.      The claims comprising this Complaint have been fully exhausted at the state administrative level through a final judgment in a state due process proceeding before the New Jersey Office of Administrative Law, entitled *D.S. and M.S. o/b/o A.S., v, East Brunswick Township Board of Education*, OAL Docket No.: EDS 10246-2019, Agency Ref. No.: 2020-30287.  The Administrative Law Judge presiding in that case, the Honorable Sarah G. Crowley (the "ALJ"), issued a Decision and Order, dated January 5, 2021 (the "Decision"), a copy of which is attached to this Complaint as Exhibit "A."

## III.      STATEMENT OF FACTS

### A.      Brief Factual Background:

1.      A.S. (born October 24, 2002) resides in East Brunswick, New Jersey with her Parents, her parents, M.S. and D.S.

2.      Plaintiff East Brunswick Township Board of Education is the local education agency charged with providing A.S. with a free appropriate public education.

3.      A.S. was initially found eligible for special education and related services as a pre-school child with a disability in October 2005.

4.      Upon exiting preschool, A.S. remained eligible for special education under the classification of "Communication Impaired."

5.      In 2009, as a result of a re-evaluation eligibility meeting, A.S.'s educational classification was changed to Other Health Impaired due to diagnoses of a Pervasive Developmental Disorder- Not Otherwise Specified and Attention Deficit Disorder.

6.      In 2011, A.S.'s classification was changed back to Communication Impaired.

7.      In the 2015-2016 school year, A.S. attended seventh (7th) grade as a special education student at Hammarskjold Middle School in Respondent's school district.

8.      On January 22, 2016, the District's CST conducted an Annual Review IEP Meeting.  Defendant M.S. participated in the IEP meeting and agreed to the implementation of the IEP on January 27, 2016.

9.      In the 2016-2017 and 2017-2018 school years, A.S. attended eighth (8th) and ninth (9th) grade at Churchill Junior High School in Respondent's school district.

10.      On October 24, 2016, the District held an annual review IEP meeting, in which Defendant M.S. attended.  Defendant M.S. participated in the IEP meeting, and at the conclusion of the meeting agreed to the implementation of the IEP.

11.      On December 14, 2016, the District's CST held an Annual Review IEP meeting, in which Defendant M.S. participated via phone.  Defendant consented to the implementation of the IEP developed on December 14, 2016.

12.     On June 7, 2017, the District held an annual IEP meeting, in which Defendant attended.   At that meeting, the District also held an evaluation planning meeting.  ***At the meeting, Defendant M.S. rejected the CST proposed educational and psychological evaluation.***

13.     Defendant consented to the IEP developed on June 7, 2017.  The purpose of the issuance of the June 17, 2017 IEP was to change A.S.'s placement in pull-out History to the in-class resource setting ***at Defendant's request***.

14.     On August 18, 2017, Defendant M.S. consented to the IEP Amendment Agreement without a meeting.

15.     On   September 8, 2017,   Defendant   M.S.   consented   to   the September 6, 2017 IEP Amendment Agreement without a meeting.

16.     On   September 15, 2017,   Defendant   M.S.   consented to amend the September 18, 2017 IEP without a meeting.

17.     On March 16, 2018, Defendants M.S. and A.S. attended an Annual Review IEP meeting conducted by the District Child Study Team.  ***Defendant M.S. requested that for tenth (10th) grade, A.S. be placed in the general education setting with in-class support for all classes***.  Defendant consented to the IEP developed on March 16, 2018.

18.     On June 12, 2018, Defendants consented to the IEP Amendment without a meeting.

19.     In the 2018-2019 school year, A.S. attended East Brunswick High School as a tenth (10th) grade student.

20.     On October 8, 2018, the District held a reevaluation planning meeting.  It was agreed upon that additional assessments were warranted.  Defendant M.S. consented to the District conducting an educational, psychological, and speech/language evaluation.

21.     On December 6, 2018, the Child Study Team conducted a Reevaluation Eligibility Determination Meeting with an IEP Annual Review.  Defendants M.S. and D.S. participated in the meetings.  ***Placement in the resource center setting for A.S.'s core academic classes were considered and rejected by Defendants at the meeting, as they felt placement in the resource center was socially stigmatizing.***  Defendants consented to the implementation of the IEP developed on December 6, 2018.

22.     On June 26, 2019, Defendants D.S. and M.S. filed for due process.

23.     On July 15, 2019, Defendants D.S. and M.S. notified the District in writing through a ten-day unilateral placement notice that they intended to place A.S. at the Lewis School starting for the 2019-2020 school year.

24.     Defendants signed an enrollment agreement for the Lewis School on August 6, 2019, and A.S. attended the Lewis School for the 2019-2020 school year (11th grade) and is currently enrolled for the 2020-2021 school year (12th grade).

25.      On July 15, 2019, Defendants, through counsel, requested independent educational, psychological, and educational assessments of A.S.

26.     On December 11, 2019, Dr. Jane M. Healey, Ph.D. conducted an independent psychoeducational and neuropsychological evaluation of A.S.

27.     On February 26, 2020, Jaime Lehrhoff, M.A. LDT-C conducted an independent educational evaluation of A.S.

**B.      Procedural History:**

4.      On or about June 26, 2019 D.S. and M.S. o/b/o A.S. filed a Parental

Request for Due Process Hearing ("Due Process Petition") with the Office of Special

Education Policy and Procedure ("OSEP") seeking, inter alia:

(i)     a Court order requiring the District to place A.S. in an out-of-district
        placement with the Lewis School until such time as the end of the school
        year in which she turns age 21 and for the District to pay for said
        placement;

(ii)    District provision and payment of transportation to and from the out-of-
        district program;

(iii)   A finding that the District has denied A.S. a FAPE in the LRE and a
        declaration of Parents as the prevailing party;

(iv)    A finding that Parents' 10-day unilateral placement notice was proper and
        that the unilateral placement as the Lewis School was appropriate and
        provides FAPE for A.S. in the LRE and that the district is liable to
        reimburse Parents with full tuition, all other related fees and costs, and
        transportation fees and costs as a result of having to unilaterally place A.S.
        at the Lewis School;

(v)     Compensatory education, compensatory damages, and punitive damages
        for the violation of the IDEA, Section 504, Child Find, Section 1983 and
        the 14th Amendment Due Process, the law Against Discrimination, New
        Jersey Civil Rights Act, and the Americans with Disabilities Act;

(vi)    Reimbursement for any and all past and future out-of-pocket expenses,
        including evaluations, counselling, all costs, attorney's fees, and any other
        fees, as well as any and all expert fees, costs, and litigation costs, and fees
        and costs associated with this action;

(vii)   Compensatory damages;

(viii)  Attorney's fees and costs.

5.      On July 30, 2019, the matter was transmitted to the Office of

Administrative Law of New Jersey ("OAL")

6.     On August 15, 2019, a settlement conference at the OAL was conducted before the Honorable Dean Buono, ALJ.  The matter was not resolved at the settlement conference.

7.     On August 16, 2019, the parties participated in a telephone status conference before the Honorable Sarah G. Crowley, ALJ.

8.     On October 29, 2019, the parties participated in a telephone status conference before Judge Crowley.

9.     On February 3, 2020, the parties participated in a telephone status conference before Judge Crowley.

10.    On February 21, 2020 Parents' counsel requested an adjournment of the scheduled June 1, 3, and 5, 2020 hearing dates.

11.    On February 24, 2020, the parties participated in a telephone status conference before Judge Crowley in which the hearing dates were rescheduled to June 8, 12, 15, and 19, 2020.

12.    On June 1, 2020, the parties participated in a telephone status conference before Judge Crowley.  At that time, the June hearing dates were adjourned due to COVID-19.  District Counsel voiced the Board's objections to proceed by way of a remote hearing as opposed to an in-person hearing.  Hearing dates were scheduled for August 10, 12, and 14, 2020.

13.    On July 31, 2020, the District sent a letter to the Court requesting an adjournment of the scheduled August hearing dates.  Specifically, the District opposed conducting the proceedings via a Zoom remote hearing.  The District also requested an

adjournment because an IEP meeting had been scheduled for August 5, 2020, which had the potential for good-faith discussion in respect to resolving the matter.

14.     On August 3, 2020 the District sent a follow-up letter to the Court seeking an adjournment of the scheduled August hearing dates.

15.     On August 3, 2020, Parents objected to the adjournment request.

16.     On August 3, 2020, the Court denied the District's adjournment request.

17.     A plenary hearing was held before this Court on August 10, August 12, and August 14, 2020.

18.     On the Monday August 10, 2020 hearing date, Parents' counsel objected to the Board's presentation of Ms. Jennifer Garcia, CCC-SLP, the Board's certified Speech and Language Pathologist, and Rosalia Minervini, Supervisor of Special Services in Secondary Programs for Grades 6-12.

19.     During the due process hearing on Monday, August 10, 2020, the Court sustained Parents Counsel's objection and Ms. Garcia was prohibited from testifying.

20.     On the second day of hearing, Wednesday, August 12, 2020, the Court allowed Ms. Minervini to testify over Parents Counsel's objection.  Following Ms. Minervini's testimony, oral argument again ensued over the proffer of the District's witnesses.  The Court stated what, if any weight, would be given to Ms. Minervini's testimony and asked the Parties to submit their positions on the issue.

21.     On August 13, 2020 the undersigned submitted a letter brief to Judge Crowley briefing the issue.  The District argued that specifically, child study team members, school psychologists, speech pathologists, and administrators employed by public school districts routinely testify at plenary hearings and are regarded as experts in

their respective fields.  As such, the District submitted that Ms. Minervini should be regarded as an expert with respect to special education and related services at East Brunswick Township High School and the programs the District has to offer.

22.     At the final day of hearing on August 14, 2020, Judge Crowley ruled on the record that the testimony should be limited to reflect the issue of FAPE being provided at the time A.S. was in-district.

23.     On December 3, 2020, the parties submitted their closing briefs and the ALJ closed the record.

24.     The ALJ rendered her final Decision and Order on January 5, 2021, finding favorably for Parents, denying all relief to the District.

25.     Specifically, the ALJ found (i.) the District did not provide A.S. with a FAPE in the LRE and granted Parents reimbursement for the unilateral placement and continued placement at The Lewis School and compensatory education in the amount of fifty hours.

26.     This appeal followed.

## IV CAUSES OF ACTION

### Count 1- IDEA

### THE ALJ COMMITTED SIGNIFICANT, CUMULATIVE AND MATERIAL ERRORS OF FACT AND OF LAW-

27.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of the complaint with the same force and effect as though each were fully set forth at length herein.

28.     The ALJ erroneously concluded that the District failed to provide FAPE to A.S.

a.    Hearing testimony and documentary evidence revealed that Defendants obstructed the District's attempt to procure for A.S. an appropriate educational program and placement by continuously rejecting the District's implementation of various proposed programs.

b.    N.J.A.C. 6A:14-2.3(c) strongly suggests that a parent may not withhold consent for an evaluation or service, and later argue that the District's failure to administer that same evaluation or deliver that same service constitutes a denial of FAPE. S.W. o/b/o W.W. v. Florham Park Board of Education, OAL Docket No. EDS 10775-14 (September 29, 2015).

c.    Although A.S. was classified as Communication Impaired, the January 11, 2016 IEP states that Defendant M.S. specifically requested that the District **not provide A.S. with speech/language services**.

d.    In the beginning of seventh grade, A.S. was placed in an in-class resource section of social studies **again as per parent request and against the District's recommendations**.  M.S. stated her feeling that Alexa would benefit academically and socially from increased exposure to her "typically developing peers" in the in-class setting. As revealed through witness testimony and documented in A. S's

       middle school IEP, in spite of extensive accommodations in the in-class setting, A.S. struggled academically, and suffered with self-esteem issues and a "marked increase in anxiety."

e.     Despite the concerning results of the Child Study Team evaluations conducted of A.S. in Fall of 2018 (10th Grade), and the CST's unequivocal recommendation that A.S. needed a more supportive program in the pull-out resource setting, Defendants stressed the importance for A.S. to remain in the in-class resource setting to increase exposure to "socially appropriate" peers and denied the District's proposed programming.

**29.    ALJ Crowley failed to apply the equitable considerations which warrant denying, or substantially decreasing, the tuition reimbursement ordered.**

a.     Parents' actions demonstrated that they were never willing to consider the District's offer of FAPE.

b.     N.J.A.C. 6A:14-2.19(c)1 and (2) provide:

(c)  The Parents must provide notice to the district board of education of their concerns and their intent to enroll their child in a nonpublic school at public expense.  The cost of reimbursement described in (b) above may be reduced or denied:

    1.  If at the most recent IEP meeting that the parents attended prior to the removal of the student from the public school, the parents did not inform the IEP team that they were rejecting the IEP proposed by the District;

    2.  At least 10 business days (including any holidays that occur on a business day) prior to the removal of the student from the public school, the parents did not give written notice to

the district board of education of their concerns
or intent to enroll their child in a nonpublic
school;

N.J.A.C. 6A:14-2.19(c)1 and (2).

c.    With respect to N.J.A.C. 6A:14-2.10(c)(1), Parents did not inform

the Child Study Team at the most recent IEP meeting prior to

removal—the December 6, 2018 meeting—that they were rejecting

the IEP proposed by the District for A.S.'s eleventh grade year.

d.    Both the hearing testimony and the IEP itself reflect that both M.S.

and D.S. were in agreement with the proposed program- and

expressly consented to the December 6, 2018 IEP.

e.    The hearing testimony and evidence reflect that it was not until

seven (7) months later, on July 15, 2019, D.S. and M.S. notified

the District in writing that they intended to place A.S. at the Lewis

School for the 2019-2020 school year.

f.    ALJ Crowley failed to analyze N.J.A.C. 6A:14-2.19(c)(1) and (2)

in her Final Decision.  Rather, she made a blanket finding that the

unilateral placement by the parents at the Lewis School was

reasonable because "the District was given proper notice of the

unilateral placement."

g.    Defendant M.S.'s own testimony revealed her biases against

special education students, which resulted in the breakdown in the

collaborative process to provide an appropriate program for A.S.

h.   ALJ Crowley specifically found that "the parents were resistant to the recommended proposal for A.S., which included resource classes, speech therapy, and counseling."

i.   The cost of tuition reimbursement for unilateral private school placement may also be reduced or denied "[u]pon a judicial finding of unreasonableness with respect to actions taken by the parents." N.J.A.C. 6A:14-2.10(c)(4).

j.   ALJ Crowley erroneously applied a judicial finding of unreasonableness to the award of compensatory education, and did not apply the analysis to tuition reimbursement pursuant to N.J.A.C. 6A:14-2.10(c)(4).

**30.   In reviewing witness credibility, the ALJ not only gave very little weight to the testimony of highly qualified independent professionals called by the District, but the ALJ also completely overlooked much of the relevant testimony.**

a.   ALJ Crowley erred in giving insufficient weight to the testimony of Jacqueline Emert and Conor Scott.  In fact, ALJ Crowley did not give any analysis as to why she found Mr. Scott and Ms. Emert "not credible," or how their testimony was "inconsistent with documentary evidence."

b.   ALJ Crowley completely failed to consider the testimony of Rosalia Minervini, Supervisor of Special Services in Secondary Programs for Grades 6-12, when she discussed the credibility of the witnesses and the weight she gave to their testimony.

13

    c.      The ALJ improperly failed to allow Ms. Jennifer Garcia, CCC-SLP, the Board's certified Speech and Language Pathologist, on the Monday August 10, 2020 hearing date.

WHEREFORE, Plaintiff, East Brunswick Township Board of Education hereby requests that this Honorable Court:

A.      Assume jurisdiction of this matter and review and reverse Hon. Sarah G. Crowley, ALJ's Decision and Order dated January 5, 2021;

B.      Reverse the Decision and Order by Hon. Sarah G. Crowley, ALJ insofar as it found the District failed to provide FAPE to A.S.;

C.      Reverse the Decision and Order by Hon. Sarah G. Crowley, ALJ insofar as it found the placement of the Lewis School unilaterally selected by Parents to be appropriate, thereby ordering the District to reimburse Parents for tuition and fees related to the private school placement, including transportation costs to and from the private placement;

D.      Grant other such relief as this Court deems just and proper.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Jodi S. Howlett, Esq. is hereby designated as trial attorney.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of any pending arbitration proceeding, and that no other action nor arbitration proceeding is contemplated, and that I know of no other party who should be joined in this action.

> CLEARY GIACOBBE ALFIERI JACOBS, LLC
> Counsel for Plaintiff,
>
> *s/ Jodi Howlett, Esq.*
> _____
> JODI S. HOWLETT, ESQ.

DATED:  April 5, 2021

## CERTIFICATION PURSUANT TO RULE 1:38-7

I certify that confidential personal identifiers will be redacted from all documents submitted in the future in accordance with R. 1 :38-7(a).

> CLEARY GIACOBBE ALFIERI JACOBS LLC
> Counsel for Plaintiff,
>
> *s/ Jodi Howlett, Esq.*
> _____
> JODI S. HOWLETT, ESQ.

DATED:  April 5, 2021

## CERTIFICATION

I hereby certify that the above pleading was filed with the U.S.D.C., District of New Jersey, and copies were sent to all counsel known of record on the below date.

> CLEARY GIACOBBE ALFIERI JACOBS, LLC
> Counsel for Plaintiff,
>
> *s/ Jodi Howlett, Esq.*
> _____
> JODI S. HOWLETT, ESQ.

DATED:  April 5, 2021